# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GRETCHEN HULL,

     Plaintiff,

v.                                  NO. 05-CV-1003 WPL/RLP

CITY OF SANTA FE,

     Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION TO DISMISS AND PLACING FILING RESTRICTIONS ON PLAINTIFF

This matter is before me on Defendant's Motion to Dismiss [Doc. 6] and Memorandum of Law in Support of Defendant's Motion to Dismiss [Doc. 7], Plaintiff's Response [Doc. 9], and Defendant's Reply [Doc. 11]. Having considered the briefs, pleadings, and applicable law, I will grant Defendant's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Gretchen Hull claimed in a state court lawsuit that she tripped and fell on a sidewalk in Santa Fe on September 26, 1996. [Doc. 1 at 2; Compl. at 2, No. CIV 03-531 (D.N.M. filed May 6, 2003)] She alleged that the city was liable for improper maintenance. [Doc. 1 at 2] At the close of Hull's case the state court judge ruled against her. *Id.* She appealed the decision to the New Mexico Court of Appeals but was unsuccessful. *Hull v. Feinstein*, 65 P.3d 266 (N.M. Ct. App. 2002), *cert. denied*, 65 P.3d 1094 (N.M. 2003) (table).

Hull's first federal suit regarding this incident was filed on May 6, 2003, in the District of New Mexico. [Compl., No. CIV 03-0531 (D.N.M. filed May 6, 2003)] She alleged violations of her constitutional rights under 42 U.S.C. § 1983 and the New Mexico Constitution. *Id.* at 3. Judge

14.

Bruce Black granted the city's motion to dismiss and Hull appealed. *Hull v. City of Santa Fe*, Order of Dismissal, No. CIV 03-0531 (D.N.M. Sept. 11, 2003); *Hull v. City of Santa Fe*, 113 F. App'x 301, 302 (10th Cir. 2004) (unpublished). The Tenth Circuit Court of Appeals liberally construed her petition to state two claims: (1) negligence by the City of Santa Fe, and (2) due process violations by the state court in her negligence action against the City of Santa Fe. *Hull*, 113 F. App'x at 302. The court held that it lacked jurisdiction to entertain Hull's federal claim as the city was not liable for the actions of the court system, and in any case the court was barred from reviewing the state court decision by the *Rooker-Feldman* doctrine. *Id.* at 303. Since it dismissed the federal claim, the court declined to exercise pendant jurisdiction over the state claim. *Id.*

On July 6, 2005, Hull filed another § 1983 action which again alleged constitutional violations in her state court negligence action. [Compl., No. CIV 05-738 (D.N.M. filed July 6, 2005)] Judge James Parker dismissed this action for lack of subject matter jurisdiction. *Hull v. City of Santa Fe*, Order of Dismissal, No. CIV 05-738 (D.N.M. August 1, 2005). Hull has apparently not appealed this decision.

On September 19, 2005, Hull filed this case, a third § 1983 action alleging violations of her constitutional rights by the state court in her negligence case. [Doc. 1]

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for challenges to the subject-matter jurisdiction of a federal court. FED. R. CIV. P. 12(b)(1); *see Davis* ex rel. *Davis v. U.S.*, 343 F.3d 1282, 1294 (10th Cir. 2003). Since the federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction. *Penteco Corp. Ltd. P'ship--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction bears the burden of proof.

2

*Id.* "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). Since the City of Santa Fe's motion is a facial attack, I will presume the allegations contained in Hull's complaint to be true. *See id.*

### DISCUSSION

### *Subject Matter Jurisdiction*

The City of Santa Fe argues that Hull's case should be dismissed for lack of subject matter jurisdiction. [Doc. 7 at 3-4] As noted by the Tenth Circuit in a previous iteration of this case, Hull has named the wrong defendant. *Hull*, 113 F. App'x at 303. The City of Santa Fe is not responsible for the conduct of the state court system. *Id.* Therefore Hull has not asserted a constitutional claim against the City of Santa Fe. *Id.*

Even had Hull named a proper defendant, I would still be barred from considering the merits of this case. The *Rooker-Feldman* doctrine prevents lower federal courts from considering "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Inds. Corp.*, __ U.S. __, __, 125 S. Ct. 1517, 1521-22 (2005); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). When considering the *Rooker-Feldman* doctrine, the Tenth Circuit "focus[es] on whether the lower federal court, if it adjudicated plaintiff's claims, would effectively act as an appellate court reviewing the state court disposition." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1075 (10th Cir. 2004).

3

This case falls squarely within the description of the *Rooker-Feldman* doctrine in *Exxon Mobil* and *Merrill Lynch*. Hull lost in state court and seeks review and rejection of that judgment in this Court, complaining of injuries caused by the state court. *See Exxon Mobil*, 125 S. Ct. at 1521-22. Were I to adjudicate this case, I would effectively act as an appellate court sitting in review of the state court. *See Merrill Lynch*, 363 F.3d at 1075. Since the *Rooker-Feldman* doctrine divests this court of subject matter jurisdiction over Hull's claims, her case must be dismissed for lack of jurisdiction. *See, e.g., Kenmen Eng'g v. City of Union*, 314 F.3d 468, 482 (10th Cir. 2002).

### Order Enjoining Further Litigation

The City of Santa Fe requests an order directing that this action not be refiled and for whatever other relief the Court deems just and proper.[1] Federal courts have the power under the All Writs Act to issue an order restricting the filing of meritless cases by parties raising issues identical or similar to those that have already been decided. *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982), *cited with approval by Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir.1989) ("There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.") (quoting *Cotner v. Hopkins*, 795 F.2d 900, 902-03 (10th Cir. 1986)). The All Writs Act states, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Litigiousness alone will not support filing restrictions, but injunctions are proper where

---

[1] In the motion to dismiss the City of Santa Fe also requests that Hull's case be dismissed with prejudice. However, since I cannot reach the merits of the case, I cannot dismiss the action with prejudice; the only proper disposition is dismissal for lack of federal jurisdiction. *See Donahou v. Oklahoma*, No. 05-5090, 2005 WL 2746766, at *2 (10th Cir. Oct. 25, 2005) (citing *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004)).

a litigant's lengthy and abusive filing history is set forth. *Tripati*, 878 F.2d at 353. There must be some guidelines as to what the party must do to file an action, and the party enjoined must be given an opportunity to oppose the order before it is filed. *See id.* at 354.

This Court has ordered filing restrictions in similar cases of abusive filings. In *Levy v. Swift Transportation Co.*, the Court imposed narrow filing restrictions on the plaintiffs. *Levy v. Swift Transp. Co.*, Mem. Op. and Order, No. CIV 98-758 (D.N.M. Dec. 30, 1999). The Court had denied the plaintiffs leave to file an amended complaint as moot, holding that it would not survive a motion to dismiss. *Id.* at 1-2. The plaintiffs then filed substantially the same case under a new docket number. *Id.* at 2. The Court found this action to be an abuse of process, noting that the time and efforts of two district courts were taken to evaluate the same basic claim and both had found the claims to lack merit. *Id.* The Court therefore barred the plaintiffs from filing any further cases in this Court naming the same defendants and involving the same subject matter.[2] *Id.* The Court ordered that the Clerk of the Court should return any barred filings, unfiled, to the plaintiffs. *Id.* The Tenth Circuit upheld these filing restrictions. *Levy v. Swift Transp. Co.*, 194 F.3d 1320, No. 99-2167, 1999 WL 734494 (10th Cir. Sept. 21, 1999) (unpublished table decision).

Previous decisions of this Court support the use of filing restrictions in cases where litigants have persisted in filing the same lawsuit. "When claims arising from a particular event are repeatedly and continually raised by a *pro se* litigant in related proceedings or other litigation, filing restrictions may be imposed to curb such abuses." *Punchard v. Luna County Comm'n*, Mem. Op. and Order, No. CIV 98-147, at 5 (D.N.M. Nov. 10, 1998), *aff'd*, 202 F.3d 282, No. 98-2356, 2000 WL 14256 (10th Cir. Jan. 7, 2000) (unpublished table decision).

---

[2] The Court gave the plaintiffs ten days to object to the filing restrictions. *Levy*, No. CIV 98-758, at 2-3.

The present action is Hull's third regarding the same incident, naming the same defendant, and bringing essentially the same claim. The federal courts will be forced to dismiss the action, without prejudice, regardless of how many times it is filed. The time and efforts of four courts have now been expended in evaluating the same frivolous claim.[3] I will therefore place filing restrictions on Hull to prevent her from continuing to file the same lawsuit.[4] These restrictions will be narrowly tailored to apply only to future filings involving the same defendant and subject matter as in this case.

## CONCLUSION

I find that this Court lacks jurisdiction to address Hull's claims. This action will be dismissed for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. 6] is GRANTED, and this action is DISMISSED without prejudice.

IT IS FURTHER ORDERED THAT Hull is barred from filing any further cases in the District of New Mexico against the City of Santa Fe involving the subject matter of this case. The Clerk shall return any filings in violation of this order, unfiled, to Hull. In accordance with *Tripati*, Hull will have 17 days from the date of this Memorandum Opinion and Order to file written objections to this proposed order. Hull's response is limited to 15 pages. If Hull does not file any objections, this order shall take effect 25 days from the date of entry of this order. If Hull

---

[3] This includes Hull's three district court filings and her appeal to the Tenth Circuit. The decisions dismissing her two previous district court cases and the Tenth Circuit's disposition of her appeal are attached as Appendix A. The other unpublished decisions cited in this opinion are attached as Appendix B.

[4] The restrictions imposed in this case are based on those imposed in *Punchard* and *Levy*.

files timely objections, this order shall not take effect until after the Court has ruled on her objections.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.        7

Appendix A

1. *Hull v. City of Santa Fe*, Order of Dismissal, No. CIV 03-0531 (D.N.M. Sept. 11, 2003)

2. *Hull v. City of Santa Fe*, No. 03-2222, 113 F. App'x 301, 2004 WL 1691278 (10th Cir. July 29, 2004) (unpublished)

3. *Hull v. City of Santa Fe*, Order of Dismissal, No. CIV 05-738 (D.N.M. August 1, 2005)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE NEW MEXICO

SEP 1 1 2003

GRETCHEN LYNN HULL,

    Plaintiff,

vs.                     No. CIV 03-691 BB-RHSK

CITY OF SANTA FE,

    Defendant.

## ORDER OF DISMISSAL

This matter, having come before the Court on Defendant's Motion to Dismiss and the Court, having reviewed the pleadings and heard oral argument, finds the matter is well-taken:

It is therefore ORDERED, ADJUDGED AND DECREED that this matter be, and hereby is, dismissed for lack of jurisdiction.

APPROVED AND ADOPTED AS
THE ORDER OF THE COURT:

Bruce D. Black
United States District Judge



SUBMITTED BY:

MILLER STRATVERT P.A.

By _____
  Katherine W. Hall
  Post Office Box 1986
  Santa Fe, New Mexico 87504-1986
  (505) 989-9614

Attorneys for Defendant City of Santa Fe

Approved as to Form:


By_____
  Gretchen Hull, *pro se*
  1307 Declovina Street
  Santa Fe, New Mexico 87505

**F I L E D**
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**JUL 29 2004**

**PATRICK FISHER**
Clerk

GRETCHEN LYNN HULL,

     Plaintiff-Appellant,

v.

CITY OF SANTA FE,

     Defendant-Appellee.

No. 03-2222
(D.C. No. CIV-03-531 BB/RHS)

A True copy
Teste
Patrick Fisher
Clerk, U.S. Court of
Appeals, Tenth Circuit
By _____
Deputy Clerk

### ORDER AND JUDGMENT*

Before **SEYMOUR** and **ANDERSON**, Circuit Judges, and **KANE**,** Senior District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

Plaintiff Gretchen Lynn Hull, appearing pro se, appeals from the dismissal of her 42 U.S.C. § 1983 claim against defendant City of Santa Fe. Ms. Hull argues that the district court erred by dismissing her case for lack of subject matter jurisdiction, an issue we review de novo. *U.S. West. Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Liberally construing Hull's pro se complaint, it appears that Hull is bringing two claims: one for negligence against the City of Santa Fe related to a trip-and-fall accident and a second one for due process violations by the state court in her negligence case against the City of Santa Fe arising out of the same trip-and-fall accident. With respect to Ms. Hull's first claim, she has not demonstrated a basis for federal jurisdiction. The parties are not diverse and there is no federal question involved. *See* 28 U.S.C. §§ 1331 and 1332. Ms. Hull states correctly, however, that we can exercise pendent jurisdiction over her state claim if we have jurisdiction over her federal claim.

We turn then to Ms. Hull's federal claim. Although her complaint does allege that her due process rights were violated in the state court proceeding, the City of Santa Fe is not liable for the conduct of the state court system; therefore, Ms. Hull has not stated a constitutional claim against the defendant she chose to sue. Even if Ms. Hull had sued the proper defendant, her claim would require us

-2-

to review alleged errors related to her state court judgment. Federal courts, other than the Supreme Court, do not have jurisdiction to review state court decisions. *See Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004) (discussing *Rooker-Feldman* doctrine which limits federal appellate review of state court decisions). Accordingly, we affirm the dismissal of Ms. Hull's 42 U.S.C. § 1983 claim. Finally, because we are affirming the dismissal of Ms. Hull's federal claim, we decline to exercise jurisdiction over her remaining state claim. *See Coen v. Runner*, 854 F.2d 374, 379 (10th Cir. 1988).

The judgment of the district court is AFFIRMED. Ms. Hull's "Ruling in Support of Plaintiff's 2/6/04 Disqualification of District Court Judge Black's Disqualification and Plaintiff's 2/23/04 Damages' Request" is DENIED.

Entered for the Court


Stephanie K. Seymour
Circuit Judge

-3-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GRETCHEN HULL,

     Plaintiff,

vs.                                    No. CIV 05-738 JP/KBM

CITY OF SANTA FE,

     Defendant.

### ORDER OF DISMISSAL

Plaintiff, *pro se*, filed this action on July 6, 2005. United States Magistrate Judge Karen B. Molzen granted Plaintiff permission to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), but performed a frivolousness review of Plaintiff's complaint and on July 18, 2005, filed Proposed Findings and Recommended Disposition (Doc. No. 3) recommending that this action be dismissed for lack of federal subject matter jurisdiction. The Court has performed a *de novo* review of the Proposed Findings and Recommended Disposition and agrees that there is a lack of subject matter jurisdiction in federal court over Plaintiff's claims. The Court adopts the Magistrate Judge's Proposed Findings and the Magistrate Judge's recommendation that the case be dismissed for lack of subject matter jurisdiction for the reasons stated by the Tenth Circuit Court of Appeals in its Order and Judgment filed July 29, 2004, which affirmed the dismissal of Hull v. City of Santa Fe, No. CIV 03-531 BB/RHS, in which the Plaintiff presented the same claims that she is asserting in this action. The Court does not accept the recommendation to dismiss the complaint in this action under 28 U.S.C. § 1915(A), which applies to prisoners, because there is no indication that the Plaintiff falls within that category.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice for lack of subject matter jurisdiction.

 

                                                _James A. Parker_
                              SENIOR UNITED STATES DISTRICT JUDGE

Appendix B

1. *Levy v. Swift Transp. Co.*, Mem. Op. and Order, No. CIV 98-578 (D.N.M. Dec. 30, 1999)

2. *Levy v. Swift Transp. Co.*, 194 F.3d 1320, No. 99-2167, 1999 WL 734494 (10th Cir. Sept. 21, 1999) (unpublished table decision)

3. *Punchard v. Luna County Comm'n*, Mem. Op. and Order, No. CIV 98-147 (D.N.M. Nov. 10, 1998)

4. *Punchard v. Luna County Comm'n*, 202 F.3d 282, No. 98-2356, 2000 WL 14256 (10th Cir. Jan. 7, 2000) (unpublished table decision)

5. *Donahou v. Oklahoma*, No. 05-5090, 2005 WL 2746766 (10th Cir. Oct. 25, 2005)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT A. LEVY and
PHYLLIS B. LEVY,

          Plaintiffs,

    vs.

SWIFT TRANSPORTATION
COMPANY, INC. (Sparks, Nevada);
SWIFT TRANSPORTATION
COMPANY, INC. (Phoenix, Arizona);
JERRY C. MOYES, KEITH DALE
NICHOLS, EDDIE LEE TIGGS, UNITED
STATES OF AMERICA, and its agency,
the CENTRAL INTELLIGENCE
AGENCY,

        Defendants.

No. CIV 97-758 LH/DJS

*98 578 WWD*

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court *sue sponte* and concerns an abuse of process by Plaintiffs that warrants filing restrictions as to future filings that may be made in the United States District Court for the District of New Mexico relating to the subject matter of this case. It appears that Plaintiffs' claims alleged in the instant lawsuit against the United States were previously submitted to the Honorable Santiago Campos in the form of a proposed amended

1

complaint, and that Judge Campos held that such an amendment would not be allowed. *See Levy v. Swift Transportation Company, Inc., et al.*, No. 97CV0777 (D.N.M. April 28, 1998). Specifically, Judge Campos denied Plaintiffs leave to file an amended complaint because he concluded that such a complaint could not survive either a motion to dismiss or a motion for summary judgment, and that such an amendment would be futile. To circumvent this ruling, Plaintiffs simply filed substantially the same complaint under a new docket number. Such frivolous and vexatious tactics will not be countenanced by this Court. The time and efforts of two district courts have now been taken to evaluate the same basic claims and both judges have found Plaintiffs' claims to be deficient.

Such action by the Plaintiffs is an abuse of process and warrants filing restrictions as to future filings that could be made in the United States District Court for the District of New Mexico relating to the subject matter of this case. *See Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). This is warranted, given the frivolous and vexatious nature of the pleadings in this case, regarding the same subject matter and many of the same defendants as were present in the case before Judge Campos. *See Judd v. University of New Mexico, et al.*, 149 F.3d 1190 (10th Cir. 1998)(unpublished disposition). Accordingly, these Plaintiffs are hereby barred from filing any further cases in this district court, if they are against named Defendants in this case and relating to the subject matter of this case. The Clerk of the Court shall return any such filings, unfiled, to Plaintiffs.

Consistent with the *Tripati* case, Plaintiffs shall have ten days from the date of this Memorandum Opinion and Order to file written objections, limited to fifteen pages, to these proposed sanctions. If Plaintiffs do not file objections, the sanctions shall take effect twenty days

2

from the date of entry of this order.  If Plaintiffs do file timely objections, these sanctions shall not take effect, if at all, until after this Court has ruled on their objections.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

194 F.3d 1320
194 F.3d 1320, 1999 WL 734494 (C.A.10 (N.M.)), 1999 CJ C.A.R. 5396
(Cite as: 194 F.3d 1320)

Page 1

Briefs and Other Related Documents

NOTICE:    THIS IS AN UNPUBLISHED
OPINION.(The Court's decision is referenced in a
"Table of Decisions Without Reported Opinions"
appearing in the Federal Reporter. Use FI CTA10 Rule
36.3 for rules regarding the citation of unpublished
opinions.)

United States Court of Appeals, Tenth Circuit.
Robert A. LEVY and Phyllis B. Levy, Plaintiffs-
Appellants,
v.
SWIFT TRANSPORTATION COMPANY, INC.,
Sparks, Nevada; Swift Transportation Company, Inc.,
Phoenix, Arizona; Jerry C. Moyes; Keith Dale
Nichols; Eddie Lee Tiggs; United States of America;
Central Intelligence Agency, Defendants-Appellees.
No. 99-2167.

Sept. 21, 1999.

Before ANDERSON, KELLY and BRISCOE, Circuit
Judges.

ORDER AND JUDGMENT *

FN* This order and judgment is not binding
precedent, except under the doctrines of law
of the case, res judicata, and collateral
estoppel. The court generally disfavors the
citation of orders and judgments;
nevertheless, an order and judgment may be
cited under the terms and conditions of 10th
Cir. R. 36.3.

*1 After examining the briefs and appellate record, this
panel has determined unanimously that oral argument
would not materially assist the determination of this
appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R.
34.1(G). The case is therefore ordered submitted
without oral argument.

Plaintiffs Robert A. Levy and Phyllis B. Levy appeal
the district court's orders denying their motion for
assignment of judge, dismissing the case, denying their
Rule 59(e) motion to alter or amend the judgment, and
barring them from filing further federal proceedings in

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

194 F.3d 1320
194 F.3d 1320, 1999 WL 734494 (C.A.10 (N.M.)), 1999 CJ C.A.R. 5396
(Cite as: 194 F.3d 1320)

this matter. Plaintiffs also argue the district court erred in refusing to allow discovery before dismissing the case. However, this order is not included in plaintiffs' notice of appeal and therefore is not properly before this court for review. *See Scaramucci v. Dresser Indus., Inc.,* 427 F.2d 1309, 1318 (10th Cir.1970). We affirm.

## I.

Plaintiffs originally brought an action in 1997 for damages as a result of a motor vehicle collision on July 20, 1994, and for other damages arising out of a conspiracy. Judge Santiago Campos dismissed the case without prejudice. Plaintiffs again filed a complaint in May 1998 in the present action, which was substantially the same as the original complaint but which added the United States and the CIA as parties and contained additional conspiracy allegations. Judge LeRoy Hansen dismissed the case for lack of subject matter jurisdiction and ordered: "Plaintiffs are prohibited from filing any further proceedings against these Defendants relating to the same subject matter in this district court." Record, Doc. 40 at 11.

## II.

Plaintiffs argue the district court erred in denying their motion to assign this case to Judge Campos, who presided over the first case. We review a district court's denial of a motion to recuse for abuse of discretion. *United States v. Burger,* 964 F.2d 1065, 1070 (10th Cir.1992).

In their motion, plaintiffs argued it would be appropriate to assign the case to Judge Campos because he was familiar with the case. Plaintiffs made no allegations of bias, prejudice, or impartiality by Judge Hansen. *See* 28 U.S.C. § 455 (discussing circumstances requiring disqualification of judges). In denying the motion, Judge Hansen found the request was not based on disqualification or any other justifiable reason. Plaintiffs now allege Judge Hansen was biased, as evidenced by his rulings against them. However, these later rulings do not show Judge Hansen was biased at the time he denied the motion to recuse or, for that matter, at the time the rulings were entered. The district court did not abuse its discretion in denying the motion to assign the case to Judge Campos.

## III.

Plaintiffs argue the district court erred in dismissing their complaint against all defendants. The court dismissed the case for lack of diversity and for failure to state a claim under Fed.R.Civ.P. 12(b)(6). We review this dismissal de novo. *See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary,* 163 F.3d 1150, 1152 (10th Cir.1998). Plaintiffs do not appeal the court's dismissal of defendant CIA for lack of subject matter jurisdiction under the Federal Tort Claims Act.

**\*2** The district court found plaintiffs failed to file their complaint against the United States within the statute of limitations. A tort claim against the United States must be presented in writing to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). The statute of limitations began to run when plaintiffs knew or had reason to know of the existence and cause of the injury that is the basis of their action. *See Industrial Constructors Corp. v. United States Bureau of Reclamation,* 15 F.3d 963, 969 (10th Cir.1994) (citing *United States v. Kubrick,* 444 U.S. 111, 121, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)).

The accident occurred July 20, 1994. Plaintiffs contend they did not know of the CIA connection until July 19, 1995, and they sent timely notice of their claim to the CIA on May 22, 1997. They contend the statute of limitations was tolled because of fraudulent concealment. To toll the statute of limitations for fraudulent concealment, plaintiffs must show: (1) the United States used fraudulent means; (2) successful concealment from plaintiffs; and (3) plaintiffs did not know or by the exercise of due diligence could not have known that they might have a cause of action. *See Ballen v. Prudential Bache Sec., Inc.,* 23 F.3d 335, 336-37 (10th Cir.1994). The district court found plaintiffs failed to show they could not have discovered the cause of action by the exercise of due diligence.

Plaintiffs made conclusory allegations that the CIA fraudulently concealed its participation in the accident. Even accepting these allegations as true, plaintiffs made no showing they could not have known of the CIA's alleged involvement through the exercise of due diligence. Plaintiffs asserted they did not know of the CIA's connection until someone sent them a book detailing the conspiracy, yet they fail to show they could not have discovered this book earlier through the exercise of due diligence.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Plaintiffs allege the United States is engaged in a continuing conspiracy against them and the statute of limitations did not begin to run until the date of the last tortious act. *See Crosswhite v. Brown*, 424 F.2d 495, 497 (10th Cir.1970). The district court found all of plaintiffs' claims of conspiracy occurred before the summer of 1994. The court further found plaintiffs' conspiracy claim consisted of conclusory allegations that failed to state a claim for continuing conspiracy. A review of the record confirms the court's conclusion. Plaintiffs failed to allege a continuing conspiracy that would toll the statute of limitations or state a cause of action. The district court did not err in dismissing plaintiffs' claims against the United States.

After dismissing plaintiffs' claims against the United States and the CIA, the district court dismissed the remaining defendants for lack of complete diversity. Diversity jurisdiction requires complete diversity-each defendant must be a citizen of a different state than plaintiff. *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir.1982) (quoting *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)). Plaintiffs and two defendants were residents of Texas, creating a lack of diversity.

*3 Plaintiffs argue the district court should have exercised supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). We review the district court's decision to decline supplemental jurisdiction for abuse of discretion. *Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1310 (10th Cir.1998). The most common response to a pretrial disposition of federal claims is to dismiss the state law claims without prejudice. *Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1237 (10th Cir.1997). The district court could decline supplemental jurisdiction after it dismissed all of the claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). There is no indication the district court abused its discretion in declining supplemental jurisdiction over plaintiffs' state law claims.

## IV.

Plaintiffs contend the district court erred in finding their Rule 59 motion to alter or amend the judgment was untimely and in treating the motion as one for relief from judgment under Rule 60. Plaintiffs had ten

days from the district court's entry of judgment to file their motion to alter or amend. Fed.R.Civ.P. 59(e). The court entered its judgment on December 30, 1998, and plaintiffs filed their motion to alter or amend on January 11, 1999. The district court erred in finding the motion was untimely. *See* Fed.R.Civ.P. 6(a) (when time allowed is less than seven days, do not include Saturdays, Sundays, or legal holidays).

Denial of a Rule 59 motion for untimely filing is harmless error if there was no basis for granting the motion on its merits. *See Monod v. Futura, Inc.*, 415 F.2d 1170, 1175 (10th Cir.1969). A Rule 59(e) motion to alter or amend the judgment should be granted only "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.1997). In their motion, plaintiffs sought to set aside the judgment to allow them to file a motion for leave to file an amended complaint, to reconsider dismissing the non-federal defendants, and to clarify the judgment to indicate the dismissal did not prejudice plaintiffs' claims in state court. None of these constitute manifest errors of law or newly discovered evidence. We conclude it was harmless error to deny the motion as untimely.

Plaintiffs also argue the district court erred in not allowing them to file an amended complaint. The record does not indicate that plaintiffs requested leave to file an amended complaint. Their Rule 59 motion requested only that the court set aside the judgment to provide them the opportunity to file a motion for leave to file an amended complaint. Plaintiffs' response to defendants' motion to dismiss also stated they should be allowed to seek leave to amend their complaint. We find no error in the district court's failure to grant plaintiffs leave to amend their complaint when plaintiffs did not make such a request. *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir.1989) (after motion to dismiss granted, plaintiff must reopen case with Rule 59(e) or Rule 60(b) motion, then file Rule 15 motion for leave to amend).

## V.

*4 Plaintiffs contend the district court erred in barring them "from filing any further proceedings against these Defendants relating to the same subject matter in this district court." The court noted plaintiffs requested leave to amend their complaint in the original action to

194 F.3d 1320                                                                    Page 4
194 F.3d 1320, 1999 WL 734494 (C.A.10 (N.M.)), 1999 CJ C.A.R. 5396
**(Cite as: 194 F.3d 1320)**

include the United States as a party, but that Judge
Campos found those claims could not survive a motion
to dismiss or a motion for summary judgment. The
court then found plaintiffs filed this complaint in an
attempt to circumvent Judge Campos' ruling,
concluding the second filing was an abuse of process
warranting filing restrictions.

Plaintiffs do not show their complaint in this case is
any different than the proposed amended complaint that
Judge Campos did not allow them to file. The filing
sanction was narrowly tailored to fit the specific abuse.
We conclude the district court did not abuse its
discretion in barring plaintiffs from filing further
proceedings in federal court in this matter.

AFFIRMED. Plaintiffs' motion to supplement the
record is DENIED.

C.A.10 (N.M.),1999.
Levy v. Swift Transp. Co., Inc.
194 F.3d 1320, 1999 WL 734494 (C.A.10 (N.M.)),
1999 CJ C.A.R. 5396

Briefs and Other Related Documents (Back to top)

• 99-2167 (Docket) (May. 28, 1999)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

IN THE MATTER OF THE ATTEMPTED COUNTY
INFRINGEMENT ON PRIVATE MINING CLAIMS

WILLIAM L. E. PUNCHARD II,

        Plaintiff/Counterdefendant,

vs.                                        No. CIV 98-0147 JC/RLP

LUNA COUNTY COMMISSION and
THE STATE OF NEW MEXICO,

        Defendants/Counterclaimants,

### MEMORANDUM OPINION AND ORDER

       THIS MATTER came on for consideration of Defendants' Amended Motion to Dismiss Complaint *(Doc. 12)* and Counterclaimants' Motion for Judgment on the Pleadings *(Doc. 22)*. The Court has reviewed the motions, Defendant/Counterclaimants' memoranda, the objections of Plaintiff Punchard and the relevant authorities. The Court finds that the motions are well taken and will be granted.

#### Background

       Mr. Punchard has yet again filed a *pro se* complaint challenging the 1990 transfer by the United States government of its interest in certain land to Luna County. In essence, Mr. Punchard complains that this transfer constitutes "claim jumping" and somehow prejudices his ownership rights in certain mining claims. Other actions arising from the same 1990 land interest conveyance that have been filed in this court by Mr. Punchard against Defendants include:

➤ **CIV 94-0614 HB, filed June 3, 1994**

The Tenth Circuit affirmed the dismissal of the action without prejudice for failure to comply with service procedures. <u>Punchard v. State of N.M.</u>, 69 F.3d 548 (Table), 1995 WL 638201 (Unpublished Disposition Oct. 31, 1995).

➤ **CIV 96-0201 M, filed February 13, 1996**

The Tenth Circuit affirmed the dismissal of the action without prejudice for yet again failing to perform proper service. <u>Punchard v. Luna County Commission</u>, 116 F.3d 489 (Table), 1997 WL 346032 (Unpublished Disposition June 24, 1997).

➤ **CIV 98-0786 SC, filed June 6, 1998**

The docket sheet for this pending case indicates that service has not been accomplished on original defendant State of New Mexico or the defendants added by the amended complaint filed August 24, 1998 (Luna County, Bureau of Land Management, Philip Allon and Desert Wilderness Coalition).

The present lawsuit was filed on February 4, 1998. In June of this year, I dismissed the action for failure to show good cause why service had not been effected on either of the defendants. I set aside that order of dismissal without prejudice as to Defendant State of New Mexico shortly after it waived service on June 25, 1998. Defendant Luna County, represented by the same counsel as the State, was evidently served the following month and has joined in the counterclaim and motion now under consideration.

**Analysis**

I.    **The Amended Motion to Dismiss the Complaint**

A.    **Eleventh Amendment Immunity**

Because Plaintiff alleges violations of the Fourth and Fifth Amendments to the United States Constitution as well as state tort claims, the Court has federal question subject matter jurisdiction. Defendant State of New Mexico has properly asserted its Eleventh Amendment immunity to the

claims against it. Its immunity having been neither abrogated nor waived, all claims against the State will be dismissed without prejudice. Because Luna County is not considered an arm of the State for Eleventh Amendment purposes, the Court may address the merits of its motion to dismiss.

### B. Claims Brought Pursuant to 42 U.S.C. § 1983

Insofar as the complaint asserts § 1983 claims against Luna County, Defendant is entitled to dismissal. Plaintiff alleges that the March 1990 quitclaim by the federal government to Luna County is the cause of his asserted injuries to his mining interests. The applicable three-year statute of limitations, N.M. Stat. Ann. § 37-1-8, obviously bars a § 1983 claim based upon events that happened eight years ago. Tolling could not apply since clearly Plaintiff was aware of his cause of action, if any, by Spring of 1994 when he filed his complaint in Cause No. CIV 94-0614 HB.

### C. State Tort Claims

As a governmental entity, Luna County has immunity from suit for state torts unless the New Mexico Tort Claims Act ("the Act"), N.M. Stat. Ann. § 41-4-1 *et seq.*, provides otherwise. It is doubtful that the Act waives immunity for the property and economic loss alleged by Plaintiff. I need not reach that issue, however, because again, the state tort claims brought by Punchard are clearly barred by the applicable two-year statute of limitations contained in N.M. Stat. Ann. § 41-4-15. Moreover, Plaintiff has not alleged that he complied with the notice requirement of the Act found in N.M. Stat. Ann. § 41-4-16.

### D. Standing

Finally, I am not at all sure that Plaintiff has standing to bring an action based upon the quitclaim deed. The United States conveyed only whatever interest it had in the relevant land to the county. If Mr. Punchard indeed has prior enforceable mining interests in the land that were properly

recorded, those interests would be unaffected by the quitclaim transfer.  In short, Plaintiff's perception of injury to his interests by the execution of a quitclaim deed between other parties appears to be just that–a perception, not an injury in fact within the meaning of standing.

**II.    Defendants' Motion for Judgment on the
        Pleadings as to the Counterclaim**

The Amended Counterclaim seeks declaratory and injunctive relief to restrict Plaintiff's legal filings and access to the United States District Court for the District of New Mexico based upon his alleged litigation abuses.  Counsel for the State of New Mexico asserts that the State waived proper service in this matter just "so that it could seek the Court's assistance to end the vexatious and duplicative filings by Mr. Punchard."  Amended Counterclaim at ¶ 7.

Plaintiff has not filed an answer to the counterclaim, but did file a document entitled "Plaintiff's Objections to Defendant's Motion."  Mr. Punchard does not dispute the accuracy of the factual allegations set forth in the counterclaim or the validity of the various pleadings and orders attached as exhibits.  He incorrectly asserts that because of the State's waiver of proper service in the present action, "the case herein has <u>only legaly [sic] been filed one time</u>."  Plaintiff's Objections at ¶ 5 (emphasis in original).  Therefore, Plaintiff's argument that the Court must disregard other cases he has brought concerning these mining claims is without merit.

Mr. Punchard seems to argue that it is improper to address his litigation history in the context of the present litigation.  He states that Defendants are "attempting to confuse and cloud the issues by prejudicing the plaintiff complaint with unrelated and foreign Mis-Information [sic]."  Plaintiff's Objections at ¶ 5.  Plaintiff believes that Defendants are attacking his "personality" when they should

-4-

be responding to his "claim jumping" allegations. In short, Mr. Punchard feels that as the plaintiff,

he controls the litigation and that the counterclaim may not be entertained.

To the contrary, this Court has the authority to hold Mr. Punchard accountable for serious

abuses of the judicial system and to fashion narrowly tailored relief.

> Federal courts have the inherent power to regulate the activities of abusive litigants
> by imposing carefully tailored restrictions under appropriate circumstances. See
> Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir.1989). Injunctions restricting further
> filings are appropriate where (1) the litigant's lengthy and abusive history is set forth;
> (2) the court provides guidelines as to what the litigant may do to obtain its
> permission to file an action; and (3) the litigant receives notice and an opportunity to
> oppose the court's order before it is implemented. See id. at 353-54.

Judd v. U.N.M., 149 F.3d 1190, 1998 WL 314315 at *3 (10th Cir. 1998) (unpublished decision).

"'[T]he right of access to the courts is neither absolute nor unconditional, and there is no

constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'"

In re Winslow, 17 F.3d 314, 315 (10th Cir.1994) (quoting Tripati v. Beaman, 878 F.2d 351, 353

(10th Cir.1989). When claims arising from a particular event are repeatedly and continually raised

by a *pro se* litigant in related proceedings or other litigation, filing restrictions may be imposed to curb

such abuses. DePineda v. Hemphill, 34 F.3d 946, 948 (10th Cir.1994).

As noted above, Plaintiff has filed four cases in this court based upon the 1990 quitclaim

conveyance of land by the federal government to Luna County. Mr. Punchard failed to effectuate

timely proper service in at least two, and perhaps in all of them. The Tenth Circuit has expended its

time and energy in dealing with two appeals relating to dismissal of the 1994 and 1996 lawsuits

because of Plaintiff's failure to comply with the rules of procedure regarding service of process.

In yet another case over which I presided, Cause No. CIV 96-1761 JC/JHG, Mr. Punchard

filed a complaint as "Billy L. Edwards" and identifying himself as the "Chairman of the Divine Church

of God and Christ." Plaintiff contended that New Mexico's sale of land on which a gold mine was located constituted an unlawful taking. In fact, he had failed to pay the taxes on the land asserting that the land was tax exempt because of his status as chairman of the Church. An action setting forth the same claim was filed by Mr. Punchard in the Sixth Judicial District Court for the State of New Mexico, No. CV 95-155. As a result of that lawsuit, the State Court restricted Plaintiff's access to the state judicial system by imposing filing restrictions similar to those now requested by Defendants.

I dismissed Cause No. CIV 96-1761 on collateral estoppel grounds based on the Sixth Judicial District Court finding that the action was time barred. On appeal, the Tenth Circuit advised that Defendant Taxation & Revenue Department was an arm of the State of New Mexico and thereby entitled to Eleventh Amendment immunity. In the 1997 unpublished disposition, the panel also cautioned that "it appears Plaintiff Billy L. Edwards is attempting to represent the Church as an unlicensed layperson. Of course, an unlicensed layperson may represent himself and not another individual or artificial entity before a district court or before us." Divine Church of God and Christ v. Taxation & Revenue Dept., 1997 WL 355326 (10th Cir. 1997).

The above information supports the imposition of filing restrictions in several ways. When he filed the present lawsuit in 1998, Punchard was aware that Eleventh Amendment immunity prohibited suit against the State of New Mexico in federal district court and yet pursued the present claim against the State knowing that it was improper. Moreover, when he filed the action on behalf of the church entity in 1996, he must have known that he was engaging in the unauthorized practice of law since he had been convicted of that offense in 1982. See State of New Mexico v. Billy Edwards, 102 N.M. 413 (Ct. App. 1985) (reducing conviction from five counts to one count).

Yet another series of frivolous actions have been filed in state courts and in federal district courts for the Districts of New Mexico and West Texas. Even the Supreme Court has been asked to hear Plaintiff's claims of conspiracy related to his confinement in a mental hospital. Under such names and titles of "Mr. Billy Edwards," "William Punchard," "Crown Emperor" or "Crown Ambassador" of the "Royal Democratic State of Continental Africa Kingdom," Plaintiff argued that as the head of a foreign government, New Mexico had no right to charge him with crimes because of his "diplomatic immunity." In affirming dismissal of such action in this Court (Cause No. CIV 86-1200 M), the Tenth Circuit had no difficulty in finding such claims frivolous.

> As the Courts of Appeals have recognized, section 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Examples of frivolous claims are those 'describing fantastic or delusional scenarios . . . .' Id. at 328.

Punchard v. State of New Mexico, 1992 WL 19930 (10th Cir. 1992) (unpublished decision).

In sum, Mr. Punchard's history of filing repetitive, vexatious and frivolous claims cannot be ignored. The litigation history recited above and documented in the counterclaim has caused needless expenses to opposing parties and has diverted scarce judicial resources from addressing claims with merit. I agree with Defendants that the promulgation of meaningless, undecipherable lawsuits by Mr. Punchard must end. Based on Plaintiff's history of repetitive filings and abuse of the judicial process, I will impose restrictions on Plaintiff's future filings in this court "commensurate with our inherent power to enter orders 'necessary or appropriate' in aid of our jurisdiction" under 28 U.S.C. § 1651(a). Winslow v. Hunter (In re Winslow), 17 F.3d 314, 314-15 (10th Cir.1994).

Wherefore,

IT IS ORDERED that Defendants' Amended Motion to Dismiss Complaint *(Doc. 12)* and Counterclaimants' Motion for Judgment on the Pleadings *(Doc. 22)* be, and hereby are **granted**, and that a final judgment in compliance with Rule 58 will be entered.

IT IS FURTHER ORDERED that Mr. Punchard is absolutely barred from filing any further pleadings in this case. Further, he is absolutely barred from filing any further cases in the District of New Mexico, if they are against the named Defendants in this case and relating to the subject matter of this case or any other complaint he has previously filed in this Court. The Clerk of this Court shall return any such filings, unfiled, to Mr. Punchard. Moreover, this Court will not accept any further proceedings brought by Mr. Punchard relating to the parties and subject matter of this case. Consistent with the Tripati case, Mr. Punchard shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. If Mr. Punchard does not file objections, the sanctions shall take effect twenty days from the date of entry of this order. If Mr. Punchard does file timely objections, these sanctions shall not take effect, if at all, until after this Court has ruled on his objections.

DATED this 10th day of November, 1998.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Plaintiff, appearing *pro se*:      William L. E. Punchard II
                                    Deming, New Mexico

Counsel for Defendants:      Virginia R. Dugan
                             Simons, Cuddy & Friedman
                             Santa Fe, New Mexico

-8-

202 F.3d 282 (Table)
202 F.3d 282 (Table), 2000 WL 14256 (10th Cir.(N.M.))
**Unpublished Disposition**
**(Cite as: 202 F.3d 282, 2000 WL 14256 (10th Cir.(N.M.)))**

**Briefs and Other Related Documents**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA10 Rule 36.3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Tenth Circuit.
William L.E. PUNCHARD, II, Plaintiff-Counter-Defendant-Appellant,
v.
LUNA COUNTY COMMISSION, Defendant-Appellee,
and
State of New Mexico, Defendant-Counter-Claimant-Appellee.
**No. 98-2356.**

Jan. 7, 2000.

Before BRORBY, PORFILIO, and LUCERO, Circuit Judges.

ORDER AND JUDGMENT [FN*]

FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

PORFILIO.

**\*\*1** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff William L.E. Punchard, II appeals the district court's order granting the amended motion to dismiss

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

202 F.3d 282 (Table)                                                                                        Page 2
202 F.3d 282 (Table), 2000 WL 14256 (10th Cir.(N.M.))
**Unpublished Disposition**
**(Cite as: 202 F.3d 282, 2000 WL 14256 (10th Cir.(N.M.)))**

pursuant to Fed.R.Civ.P. 12(b)(6) filed by defendant
State of New Mexico, and the motion for judgment on
the pleadings filed by defendant-counterclaimant Luna
County Commission. The district court's order also
imposed filing restrictions on plaintiff. We exercise
jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff's substantive claims involve a challenge to a
1990 transfer by the United States government of its
interest in certain land to Luna County. Plaintiff asserts
that the transfer interfered with his mining claims to the
property. On appeal, he argues (1) the district court
improperly considered the defendants' motions instead
of permitting the case to proceed to a jury trial, (2) the
district judge was prejudiced against him, and (3)
without supporting authority or argument, that the
district court's rulings were in error.

We review de novo the district court's dismissal under
Fed.R.Civ.P. 12(b)(6) and its entry of judgment on the
pleadings. *See Riddle v. Mondragon,* 83 F.3d 1197,
1201 (10th Cir.1996) (motion to dismiss); *Realmonte
v. Reeves,* 169 F.3d 1280, 1283 (10th Cir.1999)
(judgment on the pleadings). The order imposing filing
restrictions on plaintiff is reviewed for an abuse of
discretion. *See Tripati v. Beaman,* 878 F.2d 351, 354
(10th Cir.1989).

We have carefully reviewed the appellate briefs and
the materials submitted. We affirm the district court's
order granting defendant State of New Mexico's motion
to dismiss, granting defendant-counterclaimant Luna
County Commission's motion for judgment on the
pleadings, and imposing filing restrictions on plaintiff,
for substantially the same reasons stated in the district
court's memorandum opinion and order dated
November 10, 1998, and entered as a judgment on that
date. The district court's January 14, 1999 order
imposing filing restrictions is also affirmed.

All pending motions are DENIED. The judgment of
the United States District Court for the District of New
Mexico is AFFIRMED. The mandate shall issue
forthwith.

### Briefs and Other Related Documents (Back to
top)

• 98-2356 (Docket) (Dec. 24, 1998)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                    Page 1
Slip Copy, 2005 WL 2746766 (10th Cir.(Okla.))
(Cite as: 2005 WL 2746766 (10th Cir.(Okla.)))

**Briefs and Other Related Documents**

Only the Westlaw citation is currently available.

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)

United States Court of Appeals,
Tenth Circuit.
Euel DONAHOU, Plaintiff-Appellant,
v.
State of OKLAHOMA; Amy L. Underwood,
Assistant Public Defender; Tulsa County
Bar Association; R.P. Hass, Judge; City of Tulsa;
Tulsa County Court; Health &
Wellness Clinic; James R. Gotwals; J. Kenton Francy
& Associates; K.A. Jones;
and Joan M. Donahou, Defendants-Appellees.
No. 05-5090.

Oct. 25, 2005.

**Background:** Former litigant in state court domestic relations case brought pro se § 1983 action against state, county, and city defendants, alleging various violations of his civil rights related to the domestic relations case in county district court. The United States District Court for the Northern District of Oklahoma dismissed the suit on *Rooker-Feldman* grounds, and plaintiff appealed.

  **Holdings:** The Court of Appeals, Henry, Circuit Judge, held that:
  (1) suit was barred on *Rooker-Feldman* grounds, but
  (2) district court should not have dismissed the claim with prejudice.
  Affirmed as modified.

**[1] Courts** 0

106k0 k.
Former state court litigant's in forma pauperis § 1983 claim that his due process rights were violated in state

Slip Copy
Slip Copy, 2005 WL 2746766 (10th Cir.(Okla.))
**(Cite as: 2005 WL 2746766 (10th Cir.(Okla.)))**

court domestic relations case, primarily on ground that state courts disregarded evidence that he presented, could have been raised in state court, and was intertwined with and sought to undo his earlier state court decision, and thus, was barred under *Rooker-Feldman* doctrine. U.S.C.A. Const.Amend. 14; 42 U.S.C.A. § 1983.

**[2] Federal Courts 0**
170Bk0 k.
Federal district court dismissing in forma pauperis § 1983 suit on *Rooker-Feldman* grounds lacked jurisdiction to reach the merits of the case, and thus, should not have dismissed the claim with prejudice. 42 U.S.C.A. § 1983.

Allison J. Maynard, Assistant Attorney General Oklahoma Attorney General's Office, Oklahoma City, OK, for Defendant-Appellee State of Oklahoma, Amy L. Underwood, Assistant Public Defender, R.P. Hass, Judge.

Martha Rupp Carter, Asst. City Attorney, Tulsa, OK, for Defendant-Appellee Tulsa County Bar Association.

Cornelius Raymond Johnson, Michael Craig Romig, Tulsa City Attorney, Tulsa, OK, for Defendant-Appellee City of Tulsa.

Before EBEL, McKAY, and HENRY, Circuit Judges.

**ORDER AND JUDGMENT [FN*]**

ROBERT H. HENRY, Circuit Judge.

*1 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Euel Donahou, proceeding pro se, filed suit under 42 U.S.C. § 1983. He alleges various violations of his civil rights related to a domestic relations case from 1994 in the district court of Tulsa County, Oklahoma. The federal district court dismissed his § 1983 suit with prejudice after concluding that the *Rooker-Feldman* doctrine barred review of Mr. Donahou's claims. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm the district court's application of the *Rooker-Feldman* doctrine to dismiss the suit. As we explain below, we differ with the district court only on

a procedural point that is easily accommodated through a minor modification of the district court's judgment. As so modified, we affirm the judgment.

**I. BACKGROUND**

In March 2005, Mr. Donahou filed a § 1983 complaint in federal district court. He sets forth various allegations that state courts improperly ruled on evidentiary issues related to medical expenses for his minor child. Mr. Donahou primarily contends that state courts disregarded evidence that he presented in a 1994 domestic relations case and subsequent state appeals. The complaint also asserts that the Oklahoma "appeals court and judges lie" and the Oklahoma "Supreme Court refuse [sic] to hear." Rec. vol. I, doc. 1, at 3 (Complaint, filed March 16, 2005). Mr. Donahou's complaint requests sanctions on the defendants and Oklahoma state courts.

Several defendants filed motions to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. In May 2005, the district court granted permission for Mr. Donahou to proceed in forma pauperis, and dismissed his § 1983 claim with prejudice. Its order noted that he had filed two previous cases involving the same subject matter in federal district court; both were summarily dismissed.

**II. DISCUSSION**

[1] "We review de novo a district court's dismissal for lack of subject matter jurisdiction." *United States v. Rodriguez-Aguirre,* 414 F.3d 1177, 1181 (10th Cir.2005). "On appeal from the dismissal of a pro se complaint, we must construe the plaintiff's pleadings liberally, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and accept their allegations as true." *Ware v. Simmons,* 392 F.3d 1141, 1144 (10th Cir.2004). The liberal-construction principle carries over to pro se appellate filings as well. *See Cummings v. Evans,* 161 F.3d 610, 613 (10th Cir.1998). Even liberally construing Mr. Donahou's appellate brief, we only find factual disputes with the earlier state court domestic relations case; he neither argues that the district court erred in dismissing his § 1983 suit for lack of subject matter jurisdiction, nor explains why he can seek review of a final state court judgment in this court.

*2 Mr. Donahou appears to contend that his due process rights were violated in the state court domestic relations case, and he asserts jurisdiction in federal court because he exhausted his state appeals. However,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"[w]here a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983." *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir.1986). In *Anderson*, we upheld the district court's dismissal of a § 1983 action under the *Rooker-Feldman* doctrine, noting that the plaintiff's suit "essentially [sought] to undo" the state court decision. *Id.* at 264. Similarly, Mr. Donahou could have raised his due process challenge in state proceedings, and his § 1983 suit is intertwined with and seeks to undo his earlier state court decision.

Thus, we agree with the district court that it lacked subject matter jurisdiction over Mr. Donahou's complaint. "Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." 28 U.S.C. § 1257(a). "Section 1257(a) thus implicitly deprives lower federal courts of subject matter jurisdiction to entertain cases that would entail review of decisions rendered by state courts." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir.2004); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923) (prohibiting lower federal courts from hearing claims actually decided by a state court); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (extending the holding of *Rooker* to claims that are "inextricably intertwined" with a state court judgment).

[2] However, we further conclude that the district court should not have dismissed Mr. Donahou's § 1983 claim with prejudice. A federal court applying the *Rooker-Feldman* doctrine lacks jurisdiction to reach the merits of the case. "A suit dismissed for lack of jurisdiction cannot also be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir.2004). In addition, the Seventh Circuit noted:

When the *Rooker-Feldman* doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction. A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court. But it is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits.

*Id.; see also Kenmen Eng'g v. City of Union*, 314 F.3d 468, 479, 482 (10th Cir.2002) (stating that "[t]he *Rooker-Feldman* doctrine is a *jurisdictional* prohibition" and affirming the district court's application of the *Rooker-Feldman* doctrine and dismissal of the case for lack of subject matter jurisdiction).

## III. CONCLUSION

\*3 Accordingly, we AFFIRM the district court's application of the *Rooker-Feldman* doctrine to dismiss Mr. Donahou's § 1983 claim. We MODIFY the district court's judgment to reflect that all claims asserted in this action are dismissed for lack of federal jurisdiction, and as so modified the judgment is AFFIRMED. *See* 28 U.S.C. § 2106; *Atkinson-Bird v. Utah Div. of Child & Family Servs.*, 92 Fed. Appx. 645, 648 (10th Cir.2004) (unpublished) (modifying a district court's judgment as to application of the *Rooker-Feldman* doctrine and affirming the judgment as so modified).

> FN\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

Slip Copy, 2005 WL 2746766 (10th Cir.(Okla.))

### Briefs and Other Related Documents (Back to top)

• 2005 WL 2481735 (Appellate Brief) Brief of Defendants/Appellees (Jul. 29, 2005)Original Image of this Document (PDF)

• 2005 WL 2367689 (Appellate Brief) Appellant/Petition's Opening Brief (Jul. 01, 2005)Original Image of this Document (PDF)

• 05-5090 (Docket) (Jun. 09, 2005)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.